# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY JONES, | ) | CASE NO. 5:25-cv-2745 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| SECURITAS TECHNOLOGY CORP., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Anthony Jones filed this complaint against Securitas Technology Corporation, dba Securitas Security Services USA, LLC. (Doc. No. 1.) Plaintiff did not pay the filing fee. Instead, he filed a "Short Form" Application to Proceed *In Forma Pauperis* ("IFP") (*see* Doc. No. 2), which the Court no longer uses.[1]

In his short form application, Mr. Jones states that he is unable to pay the costs of the proceedings, his gross pay is $0, and he has received no other income in the past 12 months. He further states that he has $2.85 in his checking or savings account, but he has no automobile, real estate, stocks, bonds, or other financial instrument of value. Although Mr. Jones states that he has no income of any kind, he lists his expenses as follows: rent $1,500; gas $55.00; phone $163;

---

[1] The Application appears to be a self-styled version of an Application to Proceed *In Forma Pauperis* AO 240 (known as the short form application), which the Court no longer accepts. This district court uses the Application to Proceed *In Forma Pauperis* AO 239 (the "Long Form"), which is available on the Court's website.

internet $155; and food $290 (SNAP benefits). (*Id*.) Mr. Jones, however, offers no explanation of how he is able to live in the residence, while paying rent and utilities, if he is receiving no income or support of any kind from any other source.

Mr. Jones signed the application "under penalty of perjury," attesting that the information in the IFP was true and correct, and with the understanding that a false statement may result in a dismissal of his claims. (*See id.* at 2.)[2] At best, Mr. Jones has failed to make a sincere attempt to properly complete the IFP application. Construed less generously, it was not completed truthfully.

Pursuant to 28 U.S.C. § 1915, the Court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, and debt that demonstrates the person is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). Pauper status does not require absolute destitution. *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed. App'x. 239, 240 (6th Cir. 2001). Rather, the plaintiff is required to demonstrate via affidavit that the court costs cannot be paid "without undue hardship." *Id.* (citation omitted); *see also Givens v. Shadyside Police Department*, No. 2:22-cv-4268, 2023 WL 3089066, at *5 (S.D. Ohio Apr. 26, 2023) (stating that a litigant has an obligation of truthfulness in his or her filings, as well as a burden to demonstrate that he or she should be granted *in forma pauperis* status), *report and recommendation adopted*, No. 2:22-cv-04268, 2023 WL 3868394 (S.D. Ohio June 7, 2023).

Proceeding *in forma pauperis* is a privilege, not a right. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court. *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th

---

[2] All page number references are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Cir. 2004) (citing *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988)).

Upon review, the Court finds that Mr. Jones has not provided the Court with credible or plausible information regarding his assets, income, debts, expenses, and other factors bearing upon his ability to pay the filing fee. Without that information, the Court has no basis upon which it can assess his indigent status and must therefore deny the application. *See Liggins v. Am. Elec. Power Co.*, No. C2-04-502, 2008 WL 2491749, at *2 (S.D. Ohio June 17, 2008) (denying motion to proceed IFP on appeal where plaintiff failed to support her motion with sufficient detail to provide the court with adequate information to determine if she lacks the financial resources to pay the filing fee) (citing *Flippin*, 107 F. App'x at 521*); see also Reynolds v. Fed. Bureau of Prisons*, 30 F. App'x 574 (6th Cir. 2002) (finding that the district court acted within its discretion in denying plaintiff's IFP application where plaintiff did not identify his securities with particularity or offer a credible estimate of their value) (citation omitted).

Accordingly, the Court **DENIES** plaintiff's application to proceed *in forma pauperis* and **DISMISSES** the action without prejudice. If plaintiff wishes to proceed in this action, he may move the Court to reopen this case, within thirty days of the date of this Order, by paying the full filing fee of $405.00 and filing a Motion to Reopen the case. The motion will not be accepted if it is not accompanied by the full filing fee. No other documents will be accepted for filing in this case unless the entire filing fee is paid and a Motion to Reopen has been granted.

**IT IS SO ORDERED**.

Dated: January 26, 2026

                                             **HONORABLE SARA LIOI**
                                             **CHIEF JUDGE**
                                             **UNITED STATES DISTRICT COURT**